^MURRAY, J„
DISSENTING.
Because I find that the letter sent to Ms. Green was an offer of employment for a definite term, I respectfully dissent.
Louisiana Civil Code art. 1906 defines a contract as “an agreement by two or more parties whereby obligations are created, modified, or extinguished.” Art. 1927 of the Civil Code, entitled “Consent,” provides:
A contract is formed by the consent of the parties established through offer and acceptance.
Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent.
Unless otherwise specified in the offer, there need not be conformity between the manner in which the offer is made and the manner in which the acceptance is made.
The Board does not deny that Mr. Shroyer’s letter to Ms. Green contained an offer of employment. Nor does it deny that Ms. Green accepted the offer, and returned the executed agreement. Therefore, I believe the trial court erred when it found that the letter “merely confirmed the offer of employment to Ms. Green and was not an employment contract.”
The letter offered and Ms. Green accepted the position of Director of Student Financial Aid for the period beginning January 16, 1996. The letter [¡¡specified that this position is “a full-time fiscal year position and the fiscal year salary is $48,-000.00.” Webster’s Ninth New Collegiate Dictionary defines fiscal year as “an accounting period of twelve months.” Thus, by definition, the letter offered Ms. Green a full-time position for twelve months, at a salary of $48,000 to be paid over a twelvemonth period.
In addition, the second paragraph of the January 17 letter advised Ms. Green that, assuming certain conditions are satisfied, the appointment may be “continued on a year to year basis.” This language is consistent with an offer of employment for a specific term of a year.
When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. La. Civ. Code art. 2046. This rule of interpretation applies to contracts of employment. Barbe v. A.A. Harmon & Co., 94-2423, 94-2424, p. 13 (La.App. 4 Cir. 1/7/98), 705 So.2d 1210, 1219, twits denied, 98-0526, 98-0529 (La.5/15/98), 719 So.2d 462.
It is clear from the wording of the agreement at issue that Ms. Green was offered and accepted a position for a twelve-month period that began on January 16, 1996, which would be renewed on a year to year basis, assuming certain conditions were met. Enforcing this agreement as written will not lead to an absurd result. Consequently, there is no need to examine extrinsic evidence, such as the affidavits offered by the parties.
For this reason, I would reverse the summary judgment in favor of UNO.